IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CR-00293-02-DGK |
| TREVOR SPARKS, | ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT SPARKS' MOTION FOR ACQUITTAL,
OR ALTERNATELY, A NEW TRIAL**

Pending before the Court is Defendant Trevor Sparks' motion for judgment of acquittal, or in the alternative, for a new trial.[1] ECF No. 740. The motion is DENIED for the following reasons.

Federal Rule of Criminal Procedures 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Even after the jury returns a guilty verdict, "the court may set aside the verdict and enter an acquittal." Fed. R. Crim. Pro. 29(c)(2). The Eighth Circuit has cautioned that "[a] motion for judgment of acquittal should only be granted where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any essential elements of the crime charged." *United States v. Pardue*, 983 F.2d 843, 847 (8th Cir. 1993) (quotation omitted). In ruling on such a motion, "the court can neither weigh the evidence nor assess the credibility of the witnesses." *Id.* The court draws all reasonable inferences and resolves all evidentiary conflicts in favor of the jury's verdict, but "the

---

[1] Shortly after filing this motion, Defendant escaped from Cass County Jail in Harrisonville, Missouri, and remains at large to date.

government is not entitled to inferences based on conjecture and speculation." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010).

Federal Rule of Criminal Procedure 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." A district court must exercise its authority under Rule 33 "sparingly and with caution." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009) (quotation omitted). In order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *Id.* (quotation omitted).

In support of his motion for acquittal, Defendant argues that there was insufficient evidence to support a conviction on Count III (conspiracy to distribute 500 grams or more of methamphetamine) or Count IV (possession of a firearm in further of a drug trafficking offense) because "the Government's case rested [entirely] on statements from unreliable witnesses and co-defendants" and no physical evidence linked him to either conviction. Df.'s Mot. for Acquit. at 2. Namely, Defendant maintains that he did not reside at the Smart house, that officers did not conduct undercover buys from him, and that while witnesses confirmed he possessed a weapon on at least one occasion, none of them could tie that possession to furthering a drug trafficking offense. *Id.* at 3. These arguments are unavailing because several law enforcement officers and lay witnesses—who were uninvolved in the charged conduct—corroborated evidence that Defendant lived at and spent a significant amount of time at the Smart residence and was involved in the conspiracy.[2] Furthermore, multiple witnesses testified that Defendant was always armed, typically with his "peanut butter" firearm (which was later recovered in St. Louis, Missouri and introduced at trial), and that him and others used firearms to protect themselves, their drugs, and their drug

---

[2] For instance, at the time officers arrested Defendant, he was hiding in the Smart attic; officers recovered three firearms from the nightstand in the Smart house master bedroom that were next to a set of gold "grills," and evidence showed Defendant wore gold "grills"; there were money transfer receipts with Defendant's name on them; and Defendant even discussed aspects of the conspiracy with a co-conspirator on a recorded jail phone.

2

proceeds. There is plenty of evidence in the record from which the jury could infer Defendant was regularly at the Smart residence, involved in drug distribution, and armed.

Turning to Defendant's alternate request for a new trial, Defendant contends the Court committed errors of such sufficient magnitude that a new trial is warranted. Defendant argues the Court erred by: (1) declining to give Defendant's "credibility" instruction[3] to the jury; (2) failing to give the newly revised Eighth Circuit "reasonable doubt" instruction; and (3) failing to exclude evidence of uncharged crimes of violence, including the torture and death of two individuals.

These arguments are without merit. The Court adequately instructed the jury that they could consider any witnesses' memory and motives in testifying a certain way, thus satisfying Defendant's credibility instruction. *See e.g.,* Jury Instructions No. 4, 13, ECF No. 738. Furthermore, the Eight Circuit has consistently upheld the Court's use of the older "reasonable doubt" instruction. *See e.g.*, *United States v. Owens*, 966 F.3d 700, 705–06 (8th Cir. 2020) (A district court need not "deviate from its preferred version" of instructions simply because the Judicial Committee amended the model instructions). Lastly, the Court properly weighed the probative value and unfair prejudice of the uncharged crimes of violence. *See* Fed. R. Evid. 403. The crimes of violence were clearly relevant intrinsic evidence of the conspiracy and were presented in an unprejudicial fashion considering the Government could have introduced photographs of bodily remains and crime scenes, autopsies, and testimony of coroners and medical examiners (albeit at the discretion of the Court) but chose not to.

In conclusion, the Court did not err in these rulings, nor does the evidence weigh so heavily against the verdict that a miscarriage of justice may have occurred. The evidence against Defendant was overwhelming. Therefore, the motion is DENIED.

---

[3] Namely, Defendant's Proposed Instruction 11 discussed the credibility of a drug user who had an impaired recollection and a need for drugs and money to support their drug habit. *See* Df.'s Proposed Jury Instructions, ECF No. 735

**IT IS SO ORDERED.**

Date:  December 15, 2022  　　　　　　　　/s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT